298        65 Mass. App. Ct. 298 (2005)

Walter *v.* Placontrol, Inc.

EDWARD S. WALTER *vs.* PLACONTROL, INC., & others.[1]

No. 04-P-1447.

Suffolk. May 17, 2005. - December 16, 2005.

Present: ARMSTRONG, C.J., PERRETTA, & GREEN, JJ.

*Bankruptcy,* Discharge. *Debt. Practice, Civil,* Vacation of judgment.

In a civil action where certain defendants alleged counterclaims against the plaintiff for fraud prior to the plaintiff's debts being discharged in a bankruptcy proceeding, the Superior Court judge properly denied the plaintiff's motion to dismiss, as well as the plaintiff's later motion to vacate the judgment, based on the judge's implicit finding that there was a triable question whether the fraud claims at issue were discharged in that proceeding. [300-304]

CIVIL ACTION commenced in the Superior Court Department on February 13, 1996.

The case was tried before *Margot Botsford,* J., and a motion to vacate judgment was heard by her.

*Robert S. Wolfe* for the plaintiff.

ARMSTRONG, C.J. This is an appeal from a judgment entered on so much of a jury verdict as found the plaintiffs, Edward S. Walter and Seneca Laboratories, Inc. (Seneca), a corporation for which Walter served as president, liable on the counterclaim of the defendants for $22,000 plus interest and costs. Walter, the sole appellant, contends that the judge erred in not allowing his pretrial motion to dismiss the action due to the discharge of his (Walter's) debts in bankruptcy. On the same ground, Walter argues that the judge erred in denying his motion to vacate the judgment pursuant to Mass.R.Civ.P. 60(b)(4)&(5), 365 Mass. 828 (1974).

1. *Background.* On February 13, 1996, the plaintiffs filed a

---

[1]Plackers, Inc., and Ingram Chodorow, an officer of both corporations. The three will be referred to in the opinion as the Chodorow defendants.

complaint in the Superior Court in Suffolk County alleging, in relevant part, that the Chodorow defendants had violated, in several respects, a settlement agreement with Walter and Seneca governing Seneca's exit from the dental flosser market. Among the claims was that the defendants failed to pay installments on a monthly payment plan through which they had purchased certain dental flosser equipment from Seneca. The Chodorow defendants' amended answer, filed on June 28, 1996, denied the plaintiffs' allegations and raised counterclaims of fraud and deceit. These were based on allegedly false representations by the plaintiffs in the settlement agreement and the bill of sale governing the purchase of the equipment, including a representation that the equipment was free of liens, when in fact it was heavily encumbered.

On January 17, 2003, while this action was still awaiting trial, Walter filed a voluntary petition in the United States Bankruptcy Court for the Central District of California for bankruptcy under Chapter 7 of the Bankruptcy Code. See 11 U.S.C. §§ 701 et seq.[2] The first meeting of creditors under 11 U.S.C. § 341(a) was scheduled for February 20, 2003. On April 28, 2003, the Bankruptcy Court granted Walter a general discharge. See 11 U.S.C. § 727. Walter had not filed a suggestion of bankruptcy in the present Superior Court action, and his schedule of creditors in the bankruptcy action had not listed the defendants as creditors, contingent or otherwise. The present action was included in his schedule of lawsuits in the bankruptcy proceeding with the notation, "NOTE, WALTER IS PLAINTIFF not defendant."

In early October, 2003, a trial began in the present action, but was interrupted because the Chodorow defendants learned of Walter's bankruptcy for the first time. The Superior Court judge declared a mistrial on October 9, 2003. On October 16, 2003, Walter's Chapter 7 bankruptcy trustee filed a notification of an asset case, and a date of January 14, 2004, was set for creditors to file claims. Walter, meanwhile, finally filed his answer to the

---

[2]Walter's case is, of course, not covered by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 23 (2005) (enacted April 20, 2005, general effective date October 17, 2005). Citations to the United States Code in this opinion refer to the 2000 edition.

counterclaims of the Chodorow defendants on November 25, 2003, raising, as an affirmative defense, his discharge in bankruptcy. On March 1, 2004, Walter filed a motion to dismiss the Chodorow defendants' counterclaims also based on the discharge. This motion was denied on March 9, 2004. The case went to trial and, pursuant to a jury's verdict on special questions, the judge entered judgment for the Chodorow defendants on March 26, 2004. On March 31, 2004, the plaintiffs together filed a motion for a new trial under Mass.R.Civ.P. 59, 365 Mass. 827 (1974), and Walter filed a motion to vacate the judgment under Mass.R.Civ.P. 60. On April 26, 2004, both plaintiffs filed a notice of appeal. The plaintiffs' motions were denied on July 14, 2004.[3]

2. *Analysis.* The gravamen of Walter's appeal is that he was discharged in bankruptcy on April 28, 2003, and that accordingly, the defendants were enjoined from pursuing their counterclaims for this prepetition debt absent authorization from the Bankruptcy Court. See 11 U.S.C. § 524(a)(2).[4] The judge denied a motion to dismiss on this ground, and denied a similarly framed Mass.R.Civ.P. 60(b) motion postjudgment,[5] implicitly reaffirming her determination that the debt was not discharged.

Once a debtor has shown his general discharge, the creditor bears the burden of proof on exceptions to the discharge. The evidence in this case supported the judge's implicit ruling. The relevant exception is 11 U.S.C. § 523(a)(3)(B), governing, in part, fraud-type debts where the debtor has failed to schedule

---

[3]The denial of the new trial motion necessitated the filing of a new notice of appeal. See Mass.R.A.P. 4(a), as amended, 430 Mass. 1603 (1999). Walter did not do so until October 22, 2004. That appeal was untimely, but a single justice of this court allowed the filing of the late appeal.

[4]We note that Walter's motion did not involve the stay of proceedings that arises automatically under 11 U.S.C. § 362(a)(1) from a debtor's having filed a bankruptcy petition, because that stay expired as against Walter himself upon his discharge on April 28, 2003. 11 U.S.C. § 362(c)(2)(C). Walter does not allege that any particular step in this proceeding violated the § 362 stay, nor was it mentioned in the motions, the denials of which he is appealing. We proceed to analyze the § 524(a)(2) postdischarge injunction.

[5]Though Walter's postjudgment motion was again pursuant to § 524(a)(2), insofar as he was attempting to void the judgment, his argument implicated § 524(a)(1) governing voiding judgments obtained on discharged debts.

the creditor in time to meet the Fed.R.Bankr.P. 4007(c) mandatory nondischargeability claim deadline. "[T]he creditor must prove that the debt was not listed, that the creditor was not aware of the bankruptcy proceeding in time to file a timely [non]dischargeability complaint within [sixty days of the first date scheduled for the 11 U.S.C. § 341(a) creditor's meeting as set forth in Fed.R.Bankr.P. 4007(c)], and the creditor must then prove the usual elements of nondischargeability under whichever mandatory-ground subsection of section 523 his debt falls." *In re Walker*, 195 B.R. 187, 204-205 (Bankr. D. N.H. 1996), citing *In re Franklin*, 179 B.R. 913, 924 (Bankr. E.D. Cal. 1995).[6] The mandatory-ground subsection through which the Superior Court judge implicitly found the § 523(a)(3)(B) exception was § 523(a)(2)(A).[7] "It is generally agreed that a creditor must establish all of the following elements by a preponderance of the evidence in order to prevail under § 523(a)(2)(A): (1) that the debtor made a representation; (2) that the representation was false and the debtor knew the representation to be false at the time it was made; (3) that the representation was made with the intention and purpose of deceiving the creditor; (4) that the creditor actually and justifiably relied upon the representation; and (5) that the creditor sustained a loss or was damaged as a proximate result of the representation." Singer, Section 523 of the Bankruptcy Code: The Fundamentals of Nondischargeability in Consumer Bankruptcy, 71 Am. Bankr. L.J. 325, 332-333 (1997). See 4 King, Collier on Bankruptcy § 523.08[1][d]&[e] (15th ed. rev. 2005). The docket of Walter's bankruptcy case indicates that the first date scheduled for his 11 U.S.C. § 341(a) meeting was February 20, 2003, meaning that the Fed.R.Bankr.P. 4007(c) deadline for filing a nondischargeability claim under 11 U.S.C. § 523(a)(2)(A)&(c) would have been April 21, 2003. There is no evidence that the Chodorow defendants received

---

[6]Walter does not contend that the notation in his schedule of lawsuits, *supra* at 299, constituted scheduling for the purposes of § 523(a)(3).

[7]Although Bankruptcy Courts have exclusive jurisdiction over 11 U.S.C. § 523(a)(2) exceptions, when a creditor claiming such an exception is omitted from the debtor's schedules, the creditor can claim an exception under 11 U.S.C. § 523(a)(3)(B) in State court. *In re Franklin*, 179 B.R. 913, 924 (Bankr. E.D. Cal. 1995). In *re Walker*, 195 B.R. at 205. See 28 U.S.C. § 1334(b). Compare 11 U.S.C. § 523(c).

knowledge of the filing before October 5, 2003. That the Chodorow defendants were aware of Walter's bankruptcy in time to file a proof of claim pursuant to the new asset case notification did not reinstate the Bankruptcy Court's exclusive jurisdiction over their claimed exception. See note 7, *supra.* "Presumably, after the order of discharge is entered and the automatic stay terminated, the creditor can bring an action against the debtor in a court other than the bankruptcy court and seek a personal judgment on the ground that the debt is not dischargeable under Bankruptcy Code Sections 523(a)(1), (3). . . ." 2 Cowans, Bankruptcy Law and Practice § 6.7 (7th ed. 1998). "Since unscheduled, intentional tort debts are treated under § 523(a)(3), a complaint to determine nondischargeability may be brought at any time and in any forum." *In re Strano,* 248 B.R. 493, 501 (Bankr. D. N.J. 2000).[8] Accordingly, the Superior Court judge did not err in finding, implicitly, that the Chodorow defendants overcame the § 523(a)(3)(B) procedural hurdles.

As to the § 523(a)(2)(A) elements, Walter has shown no error on this record in the judge's implied finding at the time of the motion to dismiss that there was a triable question whether the Chodorow defendants' claims were discharged. When the judge denied Walter's postjudgment motion to vacate, she had the jury's responses to special questions. These included findings that Walter made "one or more false statements of fact to the defendant Chodorow in negotiating the settlement agreement, within the Settlement Agreement, or in the Bill of Sale," that Walter knew that the statement was false (or at least reck-

---

[8]There are four ways to litigate dischargeability in situations where Bankruptcy Courts have concurrent jurisdiction with State courts over a fraud-type claim under § 523(a)(3)(B) as a result of a debtor's failure to schedule in a timely manner. First, as here, "the debtor can assert the affirmative defense of discharge in bankruptcy" in response to a creditor's lawsuit in a non-bankruptcy forum. *In re Stano,* 248 B.R. at 503. In this situation, the court can determine whether the debt falls within the exception. *Ibid.* "Second, the debtor can remove the case to bankruptcy court. Third, either [party] can file a complaint to determine dischargeability under Bankruptcy Rule 4007(b). Fourth, the debtor can bring an action in the bankruptcy court to enforce the discharge injunction of § 524(a)." *Ibid.* Walter failed to pursue any of the methods that would have allowed him to procure a decision from the Bankruptcy Court but instead allowed the case to proceed to judgment in a non-bankruptcy forum that had jurisdiction.

lessly made it by wilfully disregarding its truth), that he made the statement to induce Chodorow to enter into the settlement agreement or take some other action, that he made the statement with the intention that Chodorow would rely on it, that Chodorow did in fact rely on the statement, and that such reliance was reasonable under the circumstances. These findings clearly establish the first four elements of a § 523(a)(2)(A) claim, see Singer, *supra*, and Walter does not challenge their substance. Although the jury also found that Chodorow did not suffer financial loss as a result of relying on Walter's false statements, it is possible that the judge received this finding with the understanding that the jury had already awarded damages to the Chodorow defendants on their breach of contract claim and intended not to duplicate damages, i.e., she may well have concluded that the jury had already restored Chodorow's otherwise actual loss through the award on the breach claim. Contrast *Mailman's Steam Carpet Cleaning Corp.* v. *Lizotte*, 415 Mass. 865, 870-871 (1993). The sparse record on this appeal does not disclose the instructions with which the judge submitted the case to the jury. Walter, as appellant, has the burden of showing error on the record; and, on the record presented, we cannot say that the judge erred in concluding that the fifth and final element of 11 U.S.C. § 523(a)(2)(A) was met and was expressed through the $22,000 damages award.

In the judge's order denying Walter's Mass.R.Civ.P. 60 motion, she wrote: "[I]t is understood, as represented by counsel for Placontrol, Plackers and Ingram Chodorow, that no action will be undertaken to satisfy or execute upon the judgment until these defendants have sought and obtained leave to do so from the Bankruptcy Court in California." Walter notes that this portion of the judge's order was not incorporated into the judgment. We reach our decision without regard to this notation. In the absence of an appeal by the defendants, who were the plaintiffs-in-counterclaim, we are not called upon to determine the legal status of the defendants' assurance to the trial judge.

Entry of judgment against Walter was proper despite his bankruptcy discharge. The judgment, as entered, and the order

denying Walter's motion under Mass.R.Civ.P. 60 are affirmed. Walter's request for legal fees and costs is denied.

*Judgment affirmed.*

*Order denying motion to vacate judgment affirmed.*